# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:18-CV-00647 |
| Plaintiff. | (Judge Brann) |
| v. | |
| NORMAN J. DORSETT and TAMMY M. DORSETT, | |
| Defendants. | |

**MEMORANDUM OPINION**

**AUGUST 3, 2018**

1. On March, 2018, the United States of America filed a foreclosure action against Defendants. ECF No. 1.

2. Because Defendants "fail[ed] to answer, plead[,] or otherwise respond" to that Complaint, the Clerk of Court entered default against them. ECF No. 10.

3. The United States moved for entry of default judgment under Federal Rule of Civil Procedure 55(b). ECF No. 7.

4. The United States will be prejudiced by the denial of default judgment because there does not appear to be any other way for it to obtain repayment of its loan to Defendants. Additionally, on the record before

the Court, it does not appear that Defendants have any litigable defense to their default. And all the delay in the instant case was due to Defendants' failure to satisfy their loan obligations and to make an appearance.[1]

5. Therefore, this Court will grant the United States' motion and enter default judgment against Defendants.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[1] When deciding whether to enter default judgment, this Court considers "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).